IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 05-232-2
)
VERNON STEVEY )

OPINION

DIAMOND, D.J.

Presently before the court is petitioner Vernon Stevey's ("Stevey") pro se Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence (the "§2255 motion") (Document No. 242) and Addendum to §2255 Motion (the "Addendum") (Document No. 251). For the reasons set forth below, Stevey's §2255 motion will be denied.

I. **Background**

On December 14, 2005, a grand jury returned a six-count superseding indictment against Stevey, William Michalowski and Eric Weaver. All three individuals were charged with the following: robbing the Irwin Bank and Trust in Greensburg, Pennsylvania on February 14, 2005, in violation of 18 U.S.C. §2113(a) (Count One); armed bank robbery of the Irwin Bank and Trust on February 14, 2005, in violation of 18 U.S.C. §2113(d) (Count Two); and using, carrying and brandishing a firearm during and in relation to a crime of violence on February 14, 2005, in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2 (Count Three). In addition, Stevey and Michalowski were charged with the following: robbing the Parkvale Savings Bank in Wexford, Pennsylvania on February 16, 2005, in violation of 18 U.S.C. §2113(a) (Count Four); armed bank robbery of the Parkvale Savings Bank on February 16, 2005, in violation of 18 U.S.C. §2113(d)

(Count Five); and using, carrying and brandishing a firearm during and in relation to a crime of violence on February 16, 2005, in violation of 18 U.S.C. §§924(c)(1)(A)(ii) and 2 (Count Six).

Stevey subsequently filed a motion to suppress eyewitness identification. Following a hearing, this court denied Stevey's suppression motion, ruling that the photo array and identification procedure were not suggestive and, even assuming otherwise, the identification still was sufficiently reliable in light of the totality of the circumstances in this case.

A jury trial followed, after which Stevey was convicted of all six counts of the superseding indictment. Stevey was then sentenced by this court to a total term of 439 months imprisonment,[1] followed by a five-year term of supervised release. He also was ordered to pay restitution in the total amount of $27,915 jointly and severally with his co-defendants.

Stevey filed a timely appeal to the United States Court of Appeals for the Third Circuit raising the following issues: (1) whether the evidence was sufficient to establish that he was one of the actors who committed the bank robbery at Irwin Bank and Trust; (2) whether the conviction stemming from the bank robbery of the Irwin Bank and Trust was against the weight of the evidence because Eric Weaver's testimony was not credible; and (3) whether the evidence was sufficient to establish that he was one of the actors who committed the bank robbery at Parkvale Savings Bank. The Third Circuit affirmed this court's judgment of conviction and sentence, finding that the record substantially supported the jury's decision to convict Stevey on all counts related to the armed robbery of each bank.

Stevey now has filed a timely §2255 motion seeking relief on the following grounds:

(1) R. Damien Schorr, who was Stevey's first court-appointed counsel, was ineffective in

---

[1]The 439-month term of imprisonment consists of 55 months at each of Counts One, Two, Four and Five of the Superseding Indictment to be served concurrently, and 84 months at Count Three to be served consecutively to Counts One, Two, Four, Five and Six, and 300 months at Count Six to be served consecutively to Counts One, Two, Three, Four and Five.

AO 72
(Rev. 8/82)

representing him at the suppression hearing in this case because:

- he failed to call key witnesses;

- he failed to make objections to various evidence;

- he failed to gather certain evidence;

- he should not have called an expert witness, but instead should have focused on interviewing other witnesses;

- he failed to properly challenge the photo array that was used in connection with the eyewitness' identification of Stevey;

- he failed to have Stevey present in the courtroom during that portion of the hearing when the eyewitness testified;

(2) William C. Kaczynski, who was his second court-appointed counsel, was ineffective in representing Stevey at trial because:

- he failed to sequester police officers;

- he failed to make appropriate objections to the government's evidence;

- he failed to interview and call certain witnesses;[2]

- he failed to obtain evidence;

---

[2]This argument also is repeated in Part 1 of the Addendum. With respect to Part 1, the government contends that Stevey has added additional claims of ineffectiveness against trial counsel asserting a failure to call additional witness, which constitute new claims that were filed after expiration of the applicable 1-year statute of limitations period to file a §2255 motion. Accordingly, the government argues that these claims should not be considered because they do not relate back to Stevey's original claim.

A petitioner who has filed a timely §2255 motion may not amend it to raise new claims after expiration of the 1-year limitation period. See United States v. Duffus, 174 F.3d 333, 336-37 (3d Cir. 1999). However, the "relation back" principle of Fed.R.Civ.P. 15 applies to §2255 motions, and "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Here, the court finds that Stevey's claims of ineffective assistance of trial counsel set forth in Part 1 of the Addendum relate back to his original claims in the §2255 motion that Attorney Kaczynski failed to interview and call certain witnesses. Although the witnesses to whom Stevey refers in the Addendum may not have been mentioned in his §2255 motion, the issue he seeks to raise is arguably tied to a common core of operative facts. Accordingly, the court will consider the claims of ineffective assistance of trial counsel set forth in Part 1 of the Addendum in conjunction with the claims of ineffectiveness he alleges in his §2255 motion.

- he failed to suppress so-called frivolous testimony;

- he failed to adequately cross-examine witnesses;

- he failed "to adequately question [government counsel] for relevance relating to witnesses and evidence;"

- he failed to move for a mistrial on the grounds that a juror may have briefly viewed Stevey in handcuffs while he was being transported on the elevator;

(3) The evidence was insufficient to prove that Stevey "was ever in possession or had any knowledge of any handgun or crime being committed;"

(4) The identification procedure was improper because the eyewitness could not adequately describe Stevey and the photo array was suggestive, thus the district court erred in denying his motion to suppress the eyewitness' identification of him, a claim which is repeated in Part 2 of the Addendum;

(5) The court committed judicial misconduct because certain of its jury instructions were erroneous, it erred in various rulings regarding the admissibility of evidence and it should have granted a mistrial because a juror may have seen Stevey in handcuffs on the elevator;

(6) The evidence offered at trial did not support the verdict; and

(7) The Assistant United States Attorney who prosecuted this case violated Stevey's due process rights by arguing contradictory facts and using perjured testimony.[3]

After considering Stevey's §2255 motion and Addendum, the government's response

---

[3] The government contends that this argument, which is set forth in Part 3 of the Addendum, should not be considered because it is a new claim filed after the expiration of the applicable 1-year statute of limitations. The court broadly construes Stevey's claim in the Addendum that government counsel argued contradictory facts and relied on false testimony as relating back to his assertion in the §2255 motion that his trial counsel was ineffective for failing "to adequately question government attorney for relevance relating to witnesses and evidence government would present." Thus, giving Stevey the benefit of all doubt, the court will consider this issue as being tied to a common core of operative facts. See Mayle, 545 U.S. at 664.

thereto (Document No. 256) and Stevey's reply brief (Document No. 259), the court finds that he is not entitled to relief under §2255.[4]

## II. **Standard of Review**

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." 28 U.S.C. §2255(a). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

## III. **Discussion**

For reasons explained below, Stevey is not entitled to relief under §2255 because: (1) he has sought to utilize the §2255 motion to re-litigate several issues that previously were raised and considered on direct appeal; (2) a number of his claims are procedurally barred; and (3) his claims of ineffective assistance of counsel lack merit.

---

[4]Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record conclusively negates the factual predicates asserted in support of a §2255 motion, and if the petitioner would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the court does not abuse its discretion by electing not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. In this case, the court finds no need for an evidentiary hearing as the record affirmatively establishes that Stevey's claims for relief are without merit.

## A. **Dismissal of Claims Previously Litigated**

A §2255 motion generally may not be employed to re-litigate issues that were raised and considered on direct appeal absent exceptional circumstances, such as an intervening change in the law. See United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993); Jones v. United States, 178 F.3d 790, 796 (6th Cir. 1999); see also Withrow v. Williams, 507 U.S. 680, 720 (1993) (Scalia, J., concurring) ("Prior opportunity to litigate an issue should be an important equitable consideration in any habeas case, and should ordinarily preclude the court from reaching the merits of a claim, unless it goes to the fairness of the trial process or to the accuracy of the ultimate result.").

Despite this prohibition, Stevey attempts to re-litigate a number of issues that he previously litigated before the district court or raised on direct appeal to the United States Court of Appeals for the Third Circuit. This includes Stevey's assertions that the eyewitness identification procedure was improper and the photo array was suggestive. However, these issues were raised in Stevey's suppression motion, which this court denied following a hearing on the matter.[5]

Stevey's claims that the evidence was insufficient to prove that he "was ever in possession or had knowledge of any handgun or crime being committed" and that the evidence offered at trial did not support the verdict were raised on direct appeal. Stevey argued on appeal that the evidence was insufficient to establish that he participated in the armed robbery at either the Irwin Bank and Trust or the Parkvale Savings Bank. See United States v. Stevey, 351 Fed. Appx. 762, 763 (3d Cir. 2009). The Third Circuit rejected this argument, concluding that the record substantially supported the jury's decision to convict Stevey on the charges related to both armed robberies. Id. at 764.

---

[5]Moreover, these claims could have been raised on direct appeal, but were not. Therefore, as discussed in Part III.B., infra, the claims are defaulted because Stevely has failed to establish cause and prejudice or that he is actually innocent.

AO 72
(Rev. 8/82)

In sum, there are no exceptional circumstances present here which would justify permitting Stevey to re-litigate matters that previously were decided against him by this court and by the Third Circuit. Accordingly, we decline to address any such issues in the context of this §2255 proceeding.

## B.    **Procedural Bar**

Stevey's claims that this court erred in denying his suppression motion, erred in various rulings regarding the admissibility of evidence, erred in failing to grant a mistrial and gave erroneous jury instructions, as well as his claim that government counsel violated his due process rights by arguing contradictory facts and using perjured testimony,[6] could have been raised on direct appeal but were not. Therefore, those claims are procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley, 523 U.S. at 622 (citations omitted).

Cause for the procedural default must be an occurrence beyond a petitioner's control that cannot be attributed to him. See McCleskey v. Zant, 499 U.S. 467, 493 (1991). Additionally, prejudice must be substantial, such that the integrity of the entire trial was infected. See United States v. Frady, 456 U.S. 152, 170 (1982). Stevey has not established the requisite cause and prejudice to excuse his failure to raise on direct appeal his claims that this court made the various erroneous rulings that he now seeks to challenge or that the prosecutor violated his due process rights.

---

[6] Stevey's bald assertion that the Assistant United States Attorney who prosecuted this case engaged in misconduct by using perjured testimony lacks any factual support whatsoever.

AO 72
(Rev. 8/82)

Likewise, Stevey's procedural default cannot be excused based on the bald assertion made his Addendum that he is actually innocent. "'[A]ctual innocence'" means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Here, Stevey has not demonstrated that he meets this standard. Indeed, the record in this case is replete with evidence which is more than sufficient to establish his guilt beyond a reasonable doubt, including, inter alia, accomplice testimony, eyewitness testimony and the testimony of his cell mate.

The only ground for cause for procedural default asserted by Stevey is that both Attorney Schorr and Attorney Kaczynski were ineffective in representing him. A claim of ineffective assistance of counsel is properly raised for the first time in a §2255 motion. Massaro v. United States, 538 U.S. 500, 504 (2003). Accordingly, we next address Stevey's ineffective assistance claims and find that they are without merit.

### C.      Ineffective Assistance of Counsel

A two-part test is utilized to assess an ineffective assistance of counsel claim. See Strickland v. Washington, 466 U.S. 668 (1984). The first prong requires the petitioner to demonstrate that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The deficiency prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. Id. at 688. The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance

AO 72
(Rev. 8/82)

is to be highly deferential. Id. at 689. The assessment of counsel's performance must be made without using the benefit of hindsight to second-guess tactical decisions made by an attorney unless they are unreasonable. Id. at 690. In sum, petitioner has the burden of overcoming the strong presumption that counsel was effective. Id. at 689.

If deficient performance is established, the second prong of the Strickland analysis requires a showing that counsel's deficient performance prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To satisfy this test, a petitioner must demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. The assessment cannot be based upon generalities but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [finding] of guilt." Flamer v. State of Delaware, 68 F.3d 710, 729 (3d Cir. 1995) (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).

Stevey contends that both Attorney Schorr and Attorney Kaczynski were ineffective for the laundry list of reasons set forth at the outset of this opinion.[7] However, Stevey has not satisfied the first prong of the Strickland test because he has not demonstrated that either counsel's performance was deficient.

As to both Attorney Schorr and Attorney Kaczynski, the majority of Stevey's claims of ineffective assistance relate to his dissatisfaction with tactical decisions and trial strategy made by

---

[7]Stevey also claims that both Attorney Schorr and Attorney Kaczynski had no prior experience practicing in federal court and lacked knowledge of federal practice and procedure. Quite to the contrary, Attorney Schorr and Attorney Kaczynski are experienced and seasoned federal court practitioners who have for many years competently, zealously and successfully represented many individuals before this and other members of the court in the Western District of Pennsylvania.

✎AO 72
(Rev. 8/82)

counsel.[8] This court will not second-guess such decisions, which both counsel no doubt made after exercising their professional judgment about which strategies would produce the greatest likelihood for success in the pretrial stages of the case and at trial. In any event, this court does not find that either Attorney Schorr or Attorney Kaczynski were deficient concerning the strategic and tactical choices they made in defending this case.

Even assuming that Stevey established deficient performance by counsel, which he has not, we conclude he has shown no prejudice under Strickland - no reasonable probability that, had counsel not committed the errors he now claims, the outcome of the case would have been different. Considering the totality of the evidence in this case, we find no reasonable probability that the jury would have reached a different verdict. As previously discussed, the record in this case is replete with evidence of Stevey's guilt including, inter alia, accomplice testimony, eyewitness testimony and testimony by Stevey's cell mate that he admitted his involvement in the armed bank robberies.

Because Stevey has failed to establish deficient performance by counsel and resulting prejudice, we find that his claims of ineffective assistance of counsel lack merit.

Next, several of Stevey's claims of ineffective assistance of counsel lack factual or legal support or otherwise are without merit. First, Stevey claims that Attorney Kaczynski failed to sequester police officers. To the contrary, the record indicates that only the Special Agent assigned

---

[8]These claims by Stevey include Attorney Schorr's alleged failure at the suppression hearing to: call certain witnesses; make objections to various evidence; gather certain evidence; focus on interviewing other witnesses rather than calling an expert witness to testify; properly challenge the photo array; and have Stevey present in the courtroom during that portion of the suppression hearing when the eyewitness testified. Stevey's claims also include Attorney Kaczynski's alleged failure at trial to: make appropriate objections to the government's evidence; interview and call certain witnesses; obtain evidence; suppress so-called frivolous testimony; adequately cross-examine witnesses; and adequately challenge government counsel concerning the relevance of certain evidence. However, Stevey has not overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" in any of the areas about which he complains. See Strickland, 466 U.S. at 689.

AO 72
(Rev. 8/82)

to the case was present with government counsel during jury selection and trial. See Document No. 230 at 45, 193. The Third Circuit has held that a government case agent responsible for an investigation is permitted to remain in the courtroom, even if he will later testify on behalf of the government. See United States v. Gonzalez, 918 F.2d 1129, 1138 (3d Cir. 1990). Other than the case agent, there is no indication that any other law enforcement officers were present in the courtroom when Attorney Kaczynski requested, and the court granted, sequestration of witnesses.

Similarly, Stevey's claim that Attorney Kaczynski failed to move for a mistrial on the grounds that a juror may have briefly viewed Stevey in handcuffs while being transported on the elevator is without merit. A brief, chance encounter occurred between a juror and Stevey when the United States Marshals were transporting him following the conclusion of court. See Document No. 228 at 5-11. When the elevator door opened, a Deputy Marshal stepped in front of Stevey who was in the back of the car, and the juror, who was waiting in the hallway, stepped away and did not get on the elevator. Id. at 10-11. Attorney Kaczynski discussed the matter with Stevey and indicated that Stevey was not making "any further objection . . . primarily because . . . he doesn't think the juror did see his cuffs." Id. at 25.

The Third Circuit has held that "[t]he fact that jurors may briefly see a defendant in handcuffs is not so inherently prejudicial as to require a mistrial." United States v. Chrzanowski, 502 F.2d 573, 576 (3d Cir. 1974); see also United States v. Roane, 338 Fed. Appx. 127, 130 (3d Cir. 2009) (reiterating that "a brief, unintended glimpse of a defendant in handcuffs is not inherently prejudicial and does not require a mistrial without an affirmative showing of actual prejudice"). Accordingly, Attorney Kaczynski was not ineffective for failing to request a mistrial as Stevey now claims, because the record indicates that Stevey did not wish to the pursue the matter and, even if he did, the brief encounter was not inherently prejudicial.

To the extent the court has not discussed in detail every instance of alleged ineffectiveness claimed by Stevey, it is because such claims already have been shown to be without merit or because such claims are frivolous.

For all of the reasons discussed, the court finds that neither Attorney Schorr's nor Attorney Kaczynski's performance was deficient. Even if Stevey could demonstrate that either counsel's performance was deficient, which he cannot, Stevey has not established that the result of the prosecution would have been different. Accordingly, Stevey's claims of ineffective assistance of counsel fail.

## IV.    Conclusion

For all of the foregoing reasons, Stevey's §2255 motion and Addendum fail to raise any meritorious claim and must be denied as a matter of law.

According to Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit, when a final order denying a motion under §2255 is entered, the district court must determine whether a certificate of appealability should issue. Congress has mandated that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). As the foregoing makes clear, Stevey's §2255 motion does not identify any basis which could support a substantial showing of the denial of a constitutional right, thus a certificate of appealability will not be issued in this case.

An appropriate order will follow.

_Gustave Diamond_
Gustave Diamond
United States District Judge

Date: _March 25, 2014_

cc:    Paul E. Hull
       Assistant U.S. Attorney

       Vernon Stevey